## NEGLIGENCE.

[Hamilton (1st) Circuit Court, January 15, 1909.]

Giffen, Smith and Swing, JJ.

\*Wм. Powell Co. v. Claude Gaskins.

Fact of Injury by Explosion while Skimming Molten Brass Does not Raise Presumption of Negligence.

No presumption of negligence on the part of an employer as a proximate cause of injury arises from the fact that plaintiff was injured by an explosion of gases while skimming the scum from molten brass in a crucible, consisting of brass ingots and oil brass turnings, in the absence of proof of sufficient strength of the scum to imprison gases and cause an explosion.

Error to Hamilton common pleas court.

T. M. Hinkle, Robertson & Buchwalter and T. C. Jung, for plaintiff in error.

Kinkead, Rogers & Ellis, for defendant in error.

GIFFEN, J.

The only ground of negligence relied upon is stated in the petition as follows:

"That the defendant was guilty of carelessness and negligence in this, to wit: that it knew or should have known and was bound to know that the said brass turnings in said crucible were covered with oil and that therefore said vapors and gases were liable to form as aforesaid between the surface of said molten metal and the scum forming on the top thereof, and that an explosion was liable to happen if the plaintiff attempted to skim the surface of the same in the usual manner. That the plaintiff had no knowledge or information about these facts and that the defendant was guilty of carelessness and negligence in not advising the plaintiff thereof."

It is self-evident that the oil on the brass turnings was consumed or passed off in the form of vapor long before the brass was melted and could not therefore have caused the explosion. There is no evidence tending to prove that ordinary brass, whether clippings or ingots, will in fusion form a scum sufficient to imprison vapors and gases between it and the molten metal.

The plaintiff has therefore failed to sustain the cause of action stated

---

\*Reversing *Gaskins* v. *Powell Co.* 19 Dec. 717.

Powell Co. v. Gaskins.

in the petition; but counsel contend that the evidence makes a good cause of action and that the variance between the allegation and proof is immaterial. Evidence was offered tending to prove that brass sweepings gathered from the floor of the foundry contain nails, other particles of iron, sand and like impurities, and that when a shovelful of such sweepings is added to the ingots of brass in the crucible, a scum or slag during the process of melting forms upon the surface and holds the gases between it and the molten brass, and that some brass turnings contain iron and other impurities which would produce a like result, although it is admitted that brass turnings free from such impurities would not. At the conclusion of the evidence the court upon motion made by the defendant ruled out all the testimony pertaining to brass sweepings, so that the only material from which such scum could form are the brass turnings. The defendant knew that it was customary to add a shovelful of brass turnings to the other metal in the crucible, which practice was not ordinarily dangerous; but the evidence tending to prove that it knew or ought to have known that the brass turnings in this particular heat, as it is called, contained iron and other impurities that might cause the result claimed or be otherwise dangerous, is extremely meager, unless it be, as the trial court charged, the duty of the master to furnish reasonably safe appliances to the servant.

There are several cases in the Ohio State Reports in which this duty is thus expressed, but the late case of the *Cin. H. & D. Ry.* v. *Frye*, 80 Ohio St. 289 [88 N. E. Rep. 642], the benefit of which the trial judge evidently did not have, places the limit of the master's duty at ordinary care in providing a safe place and appliances. The great weight of the evidence is opposed to plaintiff's theory of the case either as presented by the pleadings or the evidence, and it is even more probable that the accident was caused by the use of a damp skimmer although by no means certain.

It is further claimed that the maxim *"Res ipsa loquitur"* applies. A statement of this maxim by Shearman & Redfield on Negligence is cited with approval in the case of *Cincinnati Trac. Co.* v. *Holzenkamp*, 74 Ohio St. 379 [78 N. E. Rep. 529; 6 L. R. A. (N. S.) 800; 113 Am. St. Rep. 980]:

"Proof of an injury, occurring as the proximate result of an act of the defendant, which would not usually, if done with due care, have injured any one, is enough to make out a presumption of negligence. When a thing which causes the injury is shown to be under the manage-

ment of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The act relied upon as a proximate cause of the injury both in the petition and the evidence is the use by the defendant in the crucible of oil brass turnings, and if the evidence shows that such use was the proximate cause, then, in the absence of explanation, the presumption might arise that defendant was negligent; but it is the failure of proof sufficient on this issue of which we complain.

Counsel for defendant in error say in their brief:

"Defendant introduced the testimony of several witnesses experienced from twenty-five or thirty years' work, in mixing and handling metals, to the effect that there is a danger to explosion to be apprehended from the melting of oil brass turnings with pure metal."

If this were true, the defendant was required to explain why it permitted the use of brass turnings without giving due warning of the danger to plaintiff; but we think the record does not support the statement, nor does it show, by a preponderance of the evidence, from all sources, that the use of oil brass turnings with other brass metal, is liable to cause an explosion. Until some act of the defendant is shown to be the cause of the explosion it is premature to inquire whether negligence should be presumed or proved.

Special instruction No. 5 requested by the defendant does not embrace actual knowledge as well as probable knowledge of the danger complained of, hence it was not error to refuse it. The judgment will be reversed for error in overruling the motion for a new trial upon the ground that the verdict is not sustained by sufficient evidence, and cause remanded for a new trial.

Smith and **Swing, JJ.,** concur.